IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **WINDY CITY MARKETING, INC.** ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:07-cv-06401 |
| ) | |
| vs. ) | JURY TRIAL REQUESTED |
| ) | |
| **PLACES ADVERTISING, INC.** ) | |
| ) | |
| Defendant. ) | |

**FIRST AMENDED COMPLAINT**

Plaintiff Windy City Marketing, Inc. ("Windy City"), by and through its attorneys, for its First Amended Complaint against Defendant Places Advertising, Inc. ("PAI") alleges as follows:

**PARTIES**

1. Plaintiff Windy City is an Illinois Corporation with its principal place of business at 1336 West Grand, Chicago, Illinois. For over 15 years, Windy City has created and distributed unique marketing and advertising pieces for its clients that are packaged in a 3" x 8.5" bound mailer entitled "inside chicago." Windy City has also created unique marketing materials that showcase the benefits that it can offer to its clients.

2. Defendant PAI is an Illinois Corporation with a principal place of business at 5156 W. 125th Place, Alsip, Illinois. On information and belief, PAI is a newly formed company that is offering services that are remarkably similar to those offered by Windy City. It appears that PAI is using marketing materials that were copied from Windy City's materials. PAI is contacting Windy City clients to persuade them to use these copied materials in lieu of those offered by Windy City.

**JURISDICTION AND VENUE**

3. This action arises under the copyright laws of the United States, 17 U.S.C. § 101 et seq. and the laws of the State of Illinois.

4. This Court has subject matter jurisdiction pursuant to the laws of the United States governing actions related to copyright, 28 U.S.C. §§ 1331 and 1338.

5. This Court has supplemental subject matter jurisdiction pursuant to 28 U.S.C. § 1367 and the doctrine of pendent jurisdiction.

6. This Court has personal jurisdiction over PAI because PAI is located in the State of Illinois, transacts business within the State of Illinois (including this judicial district), and PAI committed tortious acts within the State of Illinois.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(1), 1391(b)(2) and 1400(a).

**WINDY CITY'S INTELLECTUAL PROPERTY**

8. Windy City owns all right, title and interest in a number of copyrights relating to its marketing material. Windy City deposited copyright applications and associated material on 11/6/2007 and therefore has an effective copyright registration date of 11/6/2007 pursuant to 17 U.S.C. §410(d).[1] Such copyrighted marketing material includes, but is not limited to, the "inside chicago" cover design attached as Exhibit A, and the "Introduction Sheet" attached as Exhibit B (collectively, "Windy City Copyrights"). Each of these is an original expression in a fixed medium.

---

[1] For the defendant's benefit, Windy City notes that the Seventh Circuit has provided insight into when a copyright infringement complaint can be brought. "His further argument that the school board lacks a valid copyright registration on which to found this suit is frivolous. Although a copyright no longer need be registered with the Copyright Office to be valid, an application for registration must be filed before the copyright can be sued upon." *Chicago Board of Education v. Substance, Inc.* 354 F.3d 624 (7th Cir. 2003) (*citing* 17 U.S.C. § 411(a); 2 Melville B. Nimmer & David Nimmer, Nimmer on Copyright §7.16[B][1][a] (2003)).

9. Windy City's copyrighted material is distributed to over 300,000 homes and businesses across the greater Chicago area and over 270,000 in the Las Vegas, Nevada area.

10. Windy City has also developed client-oriented marketing materials, including trade secret items such as mailing lists, product pricing, and distribution strategies. Windy City has either sought copyrights or has protected such materials, mailing lists, product pricing, and distribution strategies with confidentiality agreements and limited access to such material. Accordingly, Windy City has trade secret protection in certain of its materials, as well.

11. "inside chicago" is Windy City's core business. Windy City has spent years developing the look and design of its products, and "inside chicago" is easily recognizable in the industry by its unique size, look and design. Windy City has also spent years developing its client-marketing materials.

12. On information and belief, Windy City's trade dress has secondary meaning in the market.

13. Windy City has twice notified PAI of its intellectual property and PAI's infringement of the Windy City Copyrights. Copies of those letters are attached as Exhibits C and D.

14. PAI failed to respond, and has proceeded in publishing infringing materials and distributing the same.

**INFRINGEMENT OF WINDY CITY'S COPYRIGHTS**

15. On information and belief, PAI, without authorization from Windy City, has created marketing products that are specifically based on the Windy City Copyrights. Copies of certain infringing materials are attached as Exhibits E and F.

3

16. On numerous occasions, Windy City customers have been directly approached by PAI with materials that were confusingly similar to the Windy City materials.

17. On numerous occasions, Windy City customers contacted Windy City with confusion as to the origin of the PAI materials, and on at least one occasion, a Windy City customer complained to Windy City that the materials were presented in a manner inconsistent with Windy City's contract with its customer, believing at all times that the PAI material was indeed authored by Windy City.

18. PAI's conduct infringed and continues to infringe Windy City's copyrights.

19. PAI's infringement has been and continues to be willful

20. PAI has known and should have known that the Windy City Copyrights were protected by copyright law.

**PAI'S INTENTIONAL INTERFERENCE WITH BUSINESS RELATIONS**

21. On information and belief, PAI had awareness of Windy City's business relationships with certain of its clients.

22. On information and belief, on more than one occasion, PAI has approached existing Windy City customers and has attempted to cause those customers to terminate their relationships with Windy City, while PAI offered similar or identical services (that were copies of Windy City's materials and services) in the place of Windy City.

23. As set forth above, on numerous occasions, Windy City customers have been directly approached by PAI with materials that were confusingly similar to the Windy City materials.

4

24. As set forth above, on numerous occasions, Windy City customers contacted Windy City with confusion as to the origin of the PAI materials, and on at least one occasion, a Windy City customer complained to Windy City that the materials were presented in a manner inconsistent with Windy City's contract with its customer, believing at all times that the PAI material was indeed authored by Windy City.

25. PAI's conduct was intentional, willful and/or with utter disregard for Windy City's rights and the rights and obligations of Windy City and Windy City's customer.

### PAI'S INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

26. On information and belief, PAI has approached a number of Windy City's prospective customers – meaning those with whom Windy City would like to have business relationships.

27. On information and belief, PAI has used and is using Windy City's confidential and Trade Secret information, as well as material covered by Windy City Copyrights when PAI has approached Windy City's prospective customers.

28. PAI's conduct was intentional, willful and/or with utter disregard for Windy City's rights and the rights and obligations of Windy City and Windy City's prospective customers.

### PRAYER FOR RELIEF

Plaintiff Windy City respectfully requests judgment against PAI and entry of a final order including the following:

A. Findings of fact and conclusions of law establishing that Defendant PAI infringed Windy City Copyrights;

B. A preliminary and permanent injunction prohibiting Defendant PAI from further infringement of the Windy City Copyrights, requiring Defendant PAI to destroy all materials that are deemed to infringe the Windy City Copyrights;

C. Monetary compensation sufficient to compensate Windy City for its damages;

D. Costs and attorney fees;

E. Such further relief as the Court may deem just and appropriate.

**JURY DEMAND**

Pursuant to the Seventh Amendment to the Constitution of the United States and Fed.R.Civ.P. 38, Windy City requests trial by jury.

Date:   January 8, 2008                             Respectfully submitted,

<u>/s/ Christopher E. Haigh</u>

Christopher E. Haigh
Indiana Bar No. 22038-49
IPAdvisors, Inc.
2038 N. Clark #105
Chicago, IL 60614
(312) 242-1685
(312) 277-9002 (facsimile)

<u>/s/ Geoffrey A. Baker</u>

Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

**Attorneys for Plaintiff
Windy City Marketing, Inc.**

### CERTIFICATE OF SERVICE

The undersigned certifies that on December 8, 2008 the PLAINTIFF'S FIRST AMENDED COMPLAINT was filed via the Court's ECF system, which in turn served the following counsel for Defendant:

Siobhan M. Murphy (smurphy@lbbslaw.com)
Danny Lane Worker (dworker@lbbslaw.com)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street
Suite 300
Chicago, IL 60661

/s/ Christopher E. Haigh

Christopher E. Haigh
Indiana Bar No. 22038-49
IPAdvisors, Inc.
2038 N. Clark #105
Chicago, IL 60614
(312) 242-1685
(312) 277-9002 (facsimile)

Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

**Attorneys for Plaintiff**
**WINDY CITY MARKETING, INC.**