IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINDY CITY MARKETING, INC., <br><br> Plaintiff, <br><br> v. <br><br> PLACES ADVERTISING, INC., <br><br> Defendant. | Case No. 07 C 6401 <br><br> Judge Gottschall <br><br> Magistrate Judge Ashman |

**DEFENDANT'S MOTION TO DISMISS
THE FIRST AMENDED COMPLAINT**

Defendant, Places Advertising, Inc., by its attorneys, Danny L. Worker and Siobhán M. Murphy, hereby moves the Court to dismiss Plaintiff's First Amended Complaint for want of subject matter jurisdiction, pursuant to Rule 12(b)(1) and in the alternative, to dismiss, pursuant to Rule 12(b)(6). In support of this motion, Defendant relies upon the arguments and authorities set forth in its Brief, filed herewith. In summary form, the basis of the motion is as follows:

1.  Defendant submits that this Court lacks subject matter jurisdiction because "[N]o action for the infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. §§ 411(a). The Seventh Circuit has held that the "significance of registration is that it is a prerequisite to a suit to enforce a copyright. More precisely, **an application to register must be filed, and either granted or refused, before suit can be brought**." *Gaiman v. McFarlane*, 360

F.3d 644, 655 (7th Cir. 2004)(emphasis added). Plaintiff has alleged only that it 'deposited' registration materials, not that registration has been granted or denied. There is, further, no basis for jurisdiction over plaintiff's state law claims absent copyright jurisdiction because both parties are Illinois citizens.

2.  In the alternative, Defendant submits that the complaint fails to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and the standard announced in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). The Defendant's book covers are not "so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectible expression by taking material of substance and value." *Atari, Inc. v. North American Philips Consumer Elecs. Corp.*, 672 F.2d 607, 614 (7th Cir.1982); Rather, they are distinct and distinctive embodiments of similar ideas. However, neither those ideas nor the use of a commonplace layout as to sender's information, recipient's address box and postage are protected by copyright. Likewise, the Defendant's introduction sheet does not infringe Plaintiff's introduction sheet, in either words or presentation.

3.  Further, in the alternative, this Court should strike Plaintiff's prayers for an award of attorney's fees or any statutory damages under the Copyright Act because the Copyrights have not yet been registered. Statutory damages under 17 U.S.C. § 504(c) or attorney's fees under 17 U.S.C. § 505 if are not permitted where "any infringement of copyright commenced after the first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412.

4. Plaintiff's theories of intentional interference with business relationships fail, as a matter of law, because plaintiff does not allege lost business. *International Marketing, Ltd. v. Archer-Daniels-Midland*, 192 F.3d 724, 731-32 (7th Cir., 1999).

5. Plaintiff's theories of intentional interference with business relationships further fail because the Complaint itself alleges that Defendant's purpose was competitive. *Speakers of Sport, Inc. v. ProServ, Inc.*, 178 F.3d 862, 865 (7th Cir.1999)("competition, which though painful, fierce, frequently ruthless, sometimes Darwinian in its pitilessness, is the cornerstone of our highly successful economic system. Competition is not a tort ...."). A competitor is entitled to this defense unless its conduct is motivated solely by spite. *Strosberg v. Brauvin Realty Servs., Inc.*, 295 Ill.App.3d 17, 691 N.E.2d 834, 846 n. 2 (Ill.App.Ct.1998).

WHEREFORE, Defendant, Places Advertising Inc. prays this Court dismiss Plaintiff's Complaint for the reasons stated above pursuant to Rule 12(b)(1), or in the alternative to dismiss pursuant to Rule 12(b)(6).

Respectfully submitted,

Places Advertising, Inc.

By: /s/ Siobhan M. Murphy
One of Its Attorneys

Danny L. Worker - ARDC No. 619554
Siobhan M. Murphy - ARDC No. 6207431
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312.345.1718 / Fax: 312.345.1778