IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WINDY CITY MARKETING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:07-cv-06401 |
| | ) | |
| vs. | ) | JURY TRIAL REQUESTED |
| | ) | |
| PLACES ADVERTISING, INC. | ) | Judge Gottschall |
| | ) | |
| Defendant. | ) | |

### RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Defendant, Places Advertising, Inc.'s ("PAI") motion to dismiss Plaintiff, Windy City Marketing, Inc.'s ("Windy City") copyright claims should be denied because Congress has determined that a suit for copyright infringement can be filed once registration has been applied for, not only after registration is issued. Furthermore, even if this were not the case, the issue of jurisdiction will soon be moot since the Copyright Office has confirmed with counsel that the registration certificates will issue shortly.

This Court should further deny PAI's motion to dismiss Windy City's First Amended Complaint under 12(b)(6). It is well established that the Federal Rules of Civil Procedure merely require a short plain statement of a claim to satisfy the notice pleading standard. Windy City's Amended Complaint provides PAI with fair notice of its claims suggesting that Windy City is entitled to relief. Therefore, PAI's motion to dismiss must be denied in its entirety.

**I.     INTRODUCTION**

For over 15 years, Windy City has employed graphic artists and consultants in order to create unique marketing and advertising pieces for its clients. Windy City has also consistently promoted its

marketing pieces in a multicolored 3" x 8.5" bound mailer entitled "inside chicago." An example of the cover of inside chicago can be found attached to the Amended Complaint as Exhibit A.

Additional unique marketing materials have been created by Windy City in order to showcase the benefits that Windy City offers its clients. For example, Windy City created the unique marketing piece entitled "Introduction Sheet," attached to the Complaint as Exhibit B. Each of Windy City's marketing pieces is an original expression in a fixed medium.

Windy City has enjoyed great success with its original, expressive marketing materials. Windy City currently distributes its core publication, inside chicago, to over 300,000 homes and businesses across the greater Chicago area. A similarly expressive publication is distributed to over 270,000 in the Las Vegas, Nevada area. Its clientele benefit from the unique look, size, and design of the Windy City products, and the quality of the product is easily discernable from mailbox "coupons" and other mailers from competitive marketing companies.

When PAI entered the market just months ago, PAI chose to not only copy the identical measurements of Windy City's inside chicago publication, PAI also mimicked the layout, design, and artwork on the cover. Moreover, PAI copied Windy City's Introduction Sheet, among other items. In a final act of defiance, PAI approached Windy City's clients with all of these copied materials and offered to advertise for those clients, only for cheaper. Such activities are beyond that which is fair competition. Rather, PAI's actions are in violation of copyright laws and are clearly within the bounds of tortious interference with business relations.  At minimum, Windy City pled causes of action that should be decided by a jury and PAI's motion to dismiss should be denied.

    II.    **DEFENDANTS' JURISDICTIONAL ARGUMENT FAILS**

        A.    **The 12(b)(1) Legal Standard**

On a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the Court should "accept as true all well-pleaded factual allegations." Komorowski v. Townline Mini-Mart

Restaurant, 162 F.3d 962, 964 (7th Cir. 1998). Moreover, the Court should construe the facts in the light most favorable to Windy City. Ezekiel v. Michel, 66 F.3d 894, 897 (7th Cir. 1995). "[I]n ruling on a 12(b)(1) motion, the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Woollen, Molzan and Partners, Inc. v. Indianapolis-Marion County Public Library, 2006 WL 2135819, *1 (S.D. Ind. 2006). Under this standard, Windy City need only plead application for registration of its copyright to establish subject matter jurisdiction. Alternatively, the Court may look beyond the jurisdictional allegations and conclude that jurisdiction exists.

### B. Jurisdiction Is Proper When Registration Has Been Filed

PAI asserts that Windy City's First Amended Complaint should be dismissed for want of subject matter jurisdiction. PAI argues that copyright registration must be filed and either granted or refused before suit can be brought.[1] PAI MTD (doc. 20) at 2. While PAI acknowledges that the federal circuits are split on the issue of whether filing for registration is sufficient for jurisdiction, it ignores the fact that the Northern District of Illinois has followed the Fifth and Eighth Circuits in holding that applying for copyright registration is sufficient to establish subject matter jurisdiction.

In Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co., the Northern District of Illinois held that the filing of a copyright registration prior to initiating the a copyright infringement suit is sufficient for jurisdiction under Rule 12(b)(1):

> As defendant acknowledges, that the circuits are split on this very issue. The Tenth Circuit requires approval of the copyright application before the filing of an infringement claim. The Fifth and Eighth Circuits, however, hold that a plaintiff need only send the application, deposit, and fee to the Copyright

---

[1] PAI relies on Gaiman v. McFarlane, 360 F.3d 644, 655 (7th Cir. 2004) as support for its position that copyright registration must be "granted or refused, before suit can be brought." However, the language quoted by PAI in Gaiman is dicta. Id. at 655. Furthermore, by citation, Gaiman affirms that Chicago Bd. of Educ. v. Substance, Inc., 354 F.3d 624, 631 (7th Cir. 2003) remains the controlling precedent. Id. In Chicago Bd. of Educ. v. Substance, Inc., the Seventh Circuit cited Nimmer on Copyright for the proposition that "an application for registration must be filed before the copyright can be sued upon." 354 F.3d 624, 631 (7th Cir. 2003).

3

> Office to file an infringement claim. The Seventh Circuit has stated previously that "an application for registration must be filed before the copyright can be sued upon." Judge Posner bases this statement on the fact that once the Copyright Office approves an application, it retroactively lists as the effective date of the registration the date on which it received all application materials from the applicant. <u>Chicago Bd. of Education v. Substance, Inc.</u> differs somewhat from the instant case, though, because in the case before Judge Posner the Copyright Office had issued a registration certificate. In the instant case, plaintiff has been waiting since May 2007 for some action by the Copyright Office. In the meantime, plaintiff has allegedly suffered financial damage as a result of defendant's copying of its images, as discussed below. Additionally, the statute allows a party to sue for infringement not only after approval of a copyright registration application, but also after a refusal of that registration application. It hardly seems fair, then, to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome. For that reason, this court adopts the reasoning of the Fifth and Eighth Circuits and finds that plaintiff's **registration is effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office**.

<u>Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co.</u>, 2007 WL 4294744, *2-3 (N.D. Ill. 2007) (internal citations omitted) (emphasis added). Since the copyright statute allows a party to sue for infringement not only after registration, but also, if registration is refused, the Northern District of Illinois has determined that copyright registration is effective for "**initiating an infringement suit as of the day the application is filed with the copyright office**." <u>Id</u>. at 3 (emphasis added). This Court has clearly already ruled on this exact issue. Accordingly, PAI's motion to dismiss for lack of subject matter jurisdiction must be denied.

    **C.**  **The Registration Issue Is Moot**

Even if this Court concludes that an application for registration is not sufficient to establish subject matter jurisdiction for a copyright infringement action, the issue will soon be moot. Windy City applied for copyright registrations prior to filing this action. In January, the Copyright Office began processing the copyright registrations, including payment for the registrations. Accordingly, Windy City expects registration within a matter of weeks.

4

A district court may look beyond a complaint's jurisdictional allegations to determine whether subject matter jurisdiction exists. Woolen at *3. Furthermore, other district courts have concluded that when a Certificate of Registration issues, the application for registration issue becomes moot. RDF Media Ltd. v. Fox Broadcasting Co., 372 F.Supp.2d 556, 562 (C.D. Cal. 2005) (The plaintiff's first application for copyright registration was filed five days prior to bringing the copyright infringement action. Eight additional applications were filed subsequent to the action and all were granted during the defendants' motion to dismiss for lack of subject matter jurisdiction. Since the registrations were granted, the C.D. California denied the motion to dismiss as moot.); Woollen, Molzan and Partners, Inc. v. Indianapolis-Marion County Public Library, 2006 WL 2135819, *3 (S.D. Ind. 2006) ("The Copyright Office has now apparently issued a Certificate of Registration to Woollen Molzan, and… As such, there is no justiciable issue before this court on whether a cause of action exists before the Copyright Office has registered the copyright or refused registration.") Accordingly, the Court should also deny PAI's motion to dismiss for lack of subject matter jurisdiction as moot.

### III.    PAI's Motion To Dismiss Windy City's Claims

#### A.    Legal Requirements For A Motion To Dismiss

To withstand PAI's motion to dismiss, Windy City's claims "need only contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" E.E.O.C. v. Concentra Health Services, Inc., 496 F.3d 773, 776 (7th Cir. 2007) (citing Fed. R. Civ. P. 8(a)(2)).

> The Supreme Court has interpreted that language to impose two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." Second, its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level"; if they do not, the plaintiff pleads itself out of court.

Id. (emphasis added) (internal citations omitted). Accordingly, Windy City's Complaint need only provide fair notice of what the claim is and must suggest that Windy City is entitled to relief.

Furthermore, in the federal courts, Windy City is not required to plead all facts required to establish every element of its claims and Windy City may plead conclusions.

> Under current notice pleading standard in federal courts a plaintiff need not plead facts that, if true, establish each element of a cause of action.... The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. However, any conclusions pled must provide the defendant with at least minimal notice of the claim.

Newman v. Apex Financial Group, Inc., 2008 WL 130924, *2 (N.D. Ill. 2008) (internal citations omitted)(internal quotations omitted).

> Defendants also incorrectly assert that *Twombly* holds that a plaintiff must plead the elements of a claim. As indicated above, under the federal notice pleading standard, a plaintiff is required to provide adequate notice to a defendant of the claims being brought. Nowhere in *Twombly* or in *Concentra,* interpreting *Twombly,* did either Court state that a plaintiff in federal court must plead facts to match up with each element of a claim in order to state a claim, and in fact the Seventh Circuit in *Concentra* made it clear that a plaintiff need not plead an exhaustive list of facts to state a valid claim, stating that "[m]ost details are more efficiently learned through the flexible discovery process."

Id. Accordingly, Windy City is not required to plead each and every element of each claim under the liberal federal pleading standard. Rather, Windy City need only provide notice of the claim being brought and the grounds on which it rests, suggesting a right to relief.

    **B.    PAI Infringes Windy City's Copyrights**

        **1.    Windy City States A Copyright Infringement Claim**

Windy City's Amended Complaint contains a short and plain statement of its copyright claim showing that Windy City is entitled to relief. The Amended Complaint clearly provides fair notice of what the claim is—a claim for copyright infringement including damages, attorney fees and costs. The Amended Complaint also provides the grounds upon which it rests—PAI has created marketing products that infringe Windy City's copyrights. Am. Comp. at ¶ 15, 18. Finally, the allegations plausibly suggest that Windy City is entitled to relief. Windy City has therefore met the

6

standards of Fed. R. Civ. P. 8(a)(2) and pled a "short and plain statement of the claim showing that the pleader is entitled to relief."

### 2. PAI's Motion to Dismiss Windy City's Copyright Infringement Claims Is Improper

PAI's Motion to Dismiss Windy City's Copyright claims is premature as it goes "to the merits of this action and not the sufficiency of the pleading" and is "inappropriate for resolution" on a motion to dismiss. Nicholls v. Tufenkian Import/Export Ventures, Inc., 2004 WL 1399187, *3 (S.D.N.Y. 2004) (Exhibit __). Like the defendant in Nicholls,[2] PAI argues that its coupon books are not "substantially similar" to Windy City's. MTD at 8. In support of its argument, PAI introduces five new exhibits and many new facts not included in Windy City's Amended Complaint. MTD, Exhibits 1-5. "Because Defendants' arguments go to the merits of this action and not the sufficiency of the pleading, they are inappropriate for resolution on this motion." Nicholls v. Tufenkian Import/Export Ventures, Inc., 2004 WL 1399187, *3 (S.D.N.Y. 2004).

PAI's Motion is also improper because the issue of "substantial similarity" is a question of fact for a jury.[3] "A determination of the extent of similarity that will constitute substantial similarity presents a highly fact specific question. For that reason, copyright cases are rarely dismissed on a 12(b)(6) motion." Nicholls v. Tufenkian Import/Export Ventures, Inc., 2004 WL 1399187, *3 (S.D.N.Y. 2004) (internal citations omitted); citing, Great Am. Fun Corp. v. Hosung New York Trading Inc., 935 F.Supp. 488, 489 (S.D.N.Y.1996) (the "question of substantial similarity should be

---

[2] "Defendants are asking this Court to make a factual inquiry regarding whether the relevant portion of the "Eclipse" design is substantially similar to the protectable elements of the "Prado" copyrighted design. Such an analysis requires this Court to look beyond the Amended Complaint, and thus is improper at this stage. *See Villager Pond,* 56 F.3d at 378 (noting that a motion to dismiss does not involve consideration of whether "plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.") (citation omitted). Because Defendants' arguments go to the merits of this action and not the sufficiency of the pleading, they are inappropriate for resolution on this motion." Nicholls v. Tufenkian Import/Export Ventures, Inc., 2004 WL 1399187, *3 (S.D.N.Y. 2004).

[3] The Northern District of Illinois has also recognized that the issue is generally not appropriate for summary judgment. "As a prefatory remark, we note that summary judgment is not favored on the question of substantial similarity in copyright cases." FASA Corp. v. Playmates Toys, Inc., 869 F.Supp. 1334, 1353 (N.D. Ill. 1994); Citing, *See, e.g., Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 n. 3 (9th Cir.1994); *Shaw v. Lindheim,* 919 F.2d 1353, 1355 (9th Cir.1990); *North American Brown Bear Co. v. Carson Pirie Scott & Co.,* 1991 WL 259031 *1 n. 6, 1991 U.S.Dist. LEXIS 17350 *5 n. 6 (N.D.Ill. Nov. 26, 1991).

reserved for the trier of fact-or at least the summary judgment stage"); Cognotec Servs., Ltd. v. Morgan Guar. Trust Co. of New York, 862 F.Supp. 45, 50 (S.D.N.Y.1994) ("A motion to dismiss is not the proper procedural mechanism to make this factual inquiry."). PAI's Motion to Dismiss introduces numerous factual issues, goes beyond the allegations in the Amended Complaint, and is best reserved for the trier of fact. Therefore, it must be denied.

### 3.     PAI's Substantial Similarity Analysis Is Flawed

Even if the Court determines that the issue of "substantial similarity" should be considered at this stage of the proceedings, the evidence introduced by PAI shows that the works are substantially similar. To prove copyright infringement, two elements must be proved: 1) ownership of a valid copyright; and 2) copying of the original elements of the work. PAI MTD at 7. PAI does not contest ownership of the copyright. Rather, PAI argues that there is no copying, because the works are not "substantially similar." MTD at 7.

Copying may be shown through direct or circumstantial evidence. Since direct evidence of copying is extremely rare, circumstantial evidence of copying is more commonly used. "[P]lagiarists rarely work in the open and direct proof of actual copying is seldom available." David & Goliath Builders, Inc. v. Elliott Constr., Inc., 2006 WL 1515618, *4 (W.D. Wis. 2006). Under the Seventh Circuit case law, circumstantial evidence of copying may be proved by showing "(1) that the defendant had 'access' to the copyrighted material and (2) that the accused material is 'substantially similar' to plaintiff's copyrighted expression." Nash v. CBS, Inc., 704 F.Supp. 823, 825 (N.D. Ill. 1989).

PAI cannot deny that it had "access" to Windy City's marketing materials. Not only are Windy City's coupon books widely disseminated, but PAI has introduced numerous examples of Windy City's coupon books as Exhibits to its motion to dismiss. MTD, Exhibits 1-3. Accordingly, the issue of "access" clearly weighs in Windy City's favor. Where proof of access is strong, courts

require a lesser degree of similarity. Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F.Supp.2d 514, 521 (S.D.N.Y. 2005) ("An inference of copying can be drawn when the defendant had a reasonable opportunity to view the plaintiff's work before creating its own and when a plaintiff's works have been widely disseminated.")

Therefore, PAI rests its motion to dismiss on the disputed issue of whether the works are "substantially similar." Since PAI clearly had access to Windy City's coupon book covers, less similarity is required to find copying. As PAI acknowledges, the proper test in the Seventh Circuit for "substantial similarity" is the "ordinary observer test." Wildlife Exp. Corp. v. Carol Wright Sales, Inc., 18 F.3d 502, 508-9 (7th Cir. 1994). The test is whether the works are so similar "that an ordinary reasonable person would conclude that the defendant unlawfully appropriated the plaintiff's protectable expression by taking material of substance and value." Wildlife at 509. The ordinary observer "test does not involve analytic dissection and expert testimony, but instead turns on whether the accused work has captured the total concept and feel of the copyrighted work." JCW Investments, Inc. v. Novelty, Inc., 222 F.Supp.2d 1030, 1034 (N.D. Ill. 2002) (internal quotations omitted). "The sine qua non of the ordinary observer test, however, is the overall similarities rather than the minute differences between the two works." Atari, Inc. v. North American Philips Consumer Electronics Corp., 672 F.2d 607, 618 (7th Cir. 1982). The reason that the similarities are more important than differences is because "no plagiarist can excuse the wrong by showing how much of his work he did not pirate." Atari at 619. In performing its analysis the "courts should be careful not to lose sight of the forest for the trees." Atari at 618.

Instead of applying the ordinary observer test, PAI manipulates the scenes a faire doctrine to improperly dissect Windy City's copyrighted material, removing the photographs and every element of the pictorial design from the cover to conclude that the remaining elements (the trade names) are not substantially similar. MTD at 12. PAI's analysis is improper.

9

The scenes a faire doctrine "has most frequently been applied in the film, television, and video contexts." Taylor Corp. v. Four Seasons Greetings, LLC, 315 F.3d 1039, 1042 (8th Cir. 2003) (finding that the district court did not error as a matter of law in finding the doctrine of 'scènes à faire' inapplicable to the case involving the comparison of Christmas cards).

> As Nimmer points out, the doctrine "does not limit the subject matter of copyright; instead, it defines the contours of infringing conduct. Labeling certain stock elements as 'scènes à faire' does not imply that they are uncopyrightable; it merely states that similarity between plaintiff's and defendant's works that are limited to hackneyed elements cannot furnish the basis for finding substantial similarity." *Nimmer on Copyright* § 13.03[B]4 at 13-75 (2002).

Id. at 1042-43. See, Id. at 1043. Like the Christmas cards in Four Seasons Greetings, the doctrine of 'scènes à faire' does not limit the copyright protection for the coupon book covers in this case as there are numerous ways of depicting the idea of "luxurious services." See, Id. ("there are numerous ways of depicting Christmas wreaths involving variations of design, shape, color, dimensionality, and lettering, as well as decorative minutiae. The devil is in the details."). Instead of using its own judgment to select and choose an original expression of the idea of "luxurious services," PAI copied Windy City's design, making minor changes in an attempt to hide the appropriation.

Furthermore, PAI's analysis under the "ordinary observer test" is improper because PAI dissects the works, pointing to minute differences instead of analyzing the overall concept and feel of the covers. PAI confuses the issues by introducing additional, irrelevant coupon book covers, pointing to the differences in the additional covers to show it is not a plagiarist. MTD, Exhibits 1-5. However, PAI's own analysis shows that the ordinary observer would consider the covers substantially similar, having the same "total concept and feel": "Both Plaintiff and Defendant use a city scape in the upper right hand side of the cover;" "Both Plaintiff and Defendant use a picture centered on a man and woman, smiling together;" "Both Plaintiff and Defendant use a picture of

food;" "Both Plaintiff and Defendant have an image of a woman resting;" and both covers include a "logo to the left." PAI MTD, at 10-11.

In addition to the similarities noted by PAI, there are many more.[4] Both coupon covers include a picture of fanciful food, displayed on a white dish, both crop-out much of the dish and both are viewed from the same perspective. Both covers include not only a man and woman smiling together, but also show the man looking to the woman and the woman looking toward the camera. Both covers show a tanned woman, with dark hair and her eyes closed. Both covers place the cityscape in the right hand corner and both extend the cityscape across the top of cover until it meets the same location for the coupon's trade name. Both covers include a trade name in larger text in the left hand corner and both include the edition information next to the mailing address box.

The similarities continue, for example, the sizes and shapes used for the covers. Coupon books come in all shapes and sizes, yet PAI has chosen the exact same size as Windy City's.[5] PAI has also framed its pictures in the same way as Windy City. PAI has used block shaped pictures positioned around the mailing address box, with the blocked shaped sky scape wrapping around the address box and the boxes on one side extending parallel to the mailing address box.

Finally, PAI's new exhibits further highlight the fact that Windy City's selection and expression of idea of a coupon book offering "luxurious services" is based upon choices and judgment and not "standard, or unavoidable" scenes a faire. For example, as shown by PAI's Exhibit 5, there are many various ways to design a coupon book cover (Exhibit 5 even shows that the mailing address box's location may be relocated). Accordingly, PAI's argument that the idea of a

---

[4] The proper comparison for purposes of this motion is a comparison of Exhibits A and E of Windy City's Amended Complaint.
[5] Remarkably, PAI goes so far as to submit another Windy City publication, SHE CHICAGO, as "evidence" that third parties other than Windy City and PAI are using the particular size and shape of the inside chicago publication.

11

coupon book offering "luxurious services" cannot be expressed without copying the pictorial design in Windy City's cover is baseless.

The similarities in the coupon covers are far more than mere "standard, or unavoidable" scenes a faire. Rather, these similarities reflect Windy City's choices, selection and judgment used to express the idea of a coupon book offering "luxurious services." MTD at 9. Because similarities are more important than minor differences (so that "no plagiarist can excuse the wrong by showing how much of his work he did not pirate") the covers are "substantially similar." Atari at 619. Viewing the evidence in the light most favorable to Windy City and considering PAI's substantial access to Windy City's covers, PAI has intentionally misappropriated the look and feel of Windy City's coupon book attempting to make minor changes to excuse their "wrong by showing how much of the work they did not pirate."

### C. PAI's Introduction Sheet Is Substantially Similar

PAI argues that its introduction sheet is distinct. However, the total concept and feel of PAI's introduction sheet is substantially similar to Windy City's. Again, since PAI had access to Windy City's introduction sheet, the level of similarity required is reduced. See, Nicholls v. Tufenkian Import/Export Ventures, Inc., 367 F.Supp.2d 514, 521 (S.D.N.Y. 2005) ("An inference of copying can be drawn when the defendant had a reasonable opportunity to view the plaintiff's work before creating its own and when a plaintiff's works have been widely disseminated.") Both introduction sheets include the same format and layout and even include the same categories of "introduction," "about our product" "who should (versus will) advertise," and "space is limited" versus "limited offering." Am. Comp. Exs. B, F. Furthermore, a plain reading of the text shows that PAI made only minor changes to hide its plagiarism. The introduction sheets are substantially similar and at the very least, an issue of fact remains as to whether PAI copied, Windy City's introduction sheet. Accordingly, PAI's motion to dismiss must be denied.

### D. PAI's Interference With Business Relationships

PAI also asks the Court to dismiss Windy City's intentional interference with business relationships claims because Windy City does not allege lost business. MTD at 14. However, at this stage of the proceedings, it is not necessary to allege every element of a claim, but rather Windy City must only give minimal notice of its claims. Newman v. Apex Financial Group, Inc., 2008 WL 130924, *2 (N.D. Ill. 2008) ("The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. However, any conclusions pled must provide the defendant with at least minimal notice of the claim.").

Even though pleading each and every element is not required in federal court,[6] Windy City has alleged the elements of the interference torts. Windy City alleges that it had business relationships with both existing clients and prospective clients. Am. Comp. at ¶ 21, 26. PAI was aware or knew of these relationships as alleged and as shown by the letters notifying PAI of its unlawful competition.[7] Am. Comp. at ¶¶ 21, 26, Ex. C and D. PAI's conduct was intentional. Am. Comp. at ¶¶ 25, 28. PAI has wrongfully interfered with Windy City's customers and prospective clients. Am. Comp. at ¶¶ 22, 24. Finally, Windy City has been damaged by PAI's conduct and seeks a "preliminary and permanent injunction" and "[m]onetary compensation sufficient to compensate Windy City for its damages." Am. Comp. at ¶¶ B, C. Viewing these allegation in the light most

---

[6] "Even after the Supreme Court's recent *Bell Atlantic* case, complaints in federal courts need only satisfy a notice pleading standard. *Airborne Beepers & Video, Inc., v. AT & T Mobility LLC,* No. 06-2949, 2007 WL 2406859, at *4 (7th Cir. Aug. 24, 2007) (citing *Erickson v. Pardus,* 127 S.Ct. 2197 (2007)). We have distinguished notice pleading from evidentiary proof by stressing that "[f]acts that substantiate the claim ultimately must be put into evidence, but the rule 'plaintiff needs to prove Fact Y' does not imply 'plaintiff must allege Fact Y at the outset.'" *Vincent v. City Colleges of Chicago,* 485 F.3d 919, 923- 924 *(7th Cir.*2007). Further, we have admonished that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain ...' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith,* 429 F.3d 706, 708 (7th Cir.2005) (emphasis in original)." Lang v. TCF Nat. Bank, 2007 WL 2752360, *2 (7th Cir. 2007) (Exhibit __).

[7] As acknowledged by PAI, exhibits attached to the Complaint are considered part of the Complaint under Fed. R. Civ. P. 10(c). See, MTD at 3. See also, International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc., 192 F.3d 724, 729 (7th Cir. 1999) ("Documents attached to the complaint are incorporated into it and become part of the pleading itself.").

favorable to Windy City, PAI has fair notice of the claims and the ground upon which the claims rest. Therefore, PAI's motion to dismiss the intentional interference claims must be denied.

PAI's additional argument that lawful competition is a complete defense to the interference torts, meriting dismissal of the claims is also improper. First, PAI's use of infringing materials and its unfair competition is not lawful. Contrary to PAI's assertion, Windy City has **not** alleged that PAI's competition was lawful. Second, other courts have refused this exact argument made at this stage of the proceedings. "[R]aising the privilege of competition is an affirmative defense and cannot form the basis of a motion to dismiss." Hackman v. Dickerson Realtors, Inc., 520 F.Supp.2d 954, 973 (N.D. Ill. 2007).

Finally, PAI argues that it is entitled to the complete defense of "competition" unless its conduct was "motivated by spite." MTD at 14. This argument raises numerous issues of fact and law and exemplifies the impropriety of PAI's request that the intentional interference claims be dismissed under Fed. R. Civ. P. 12(b)(6). "Because Defendants' arguments go to the merits of this action and not the sufficiency of the pleading, they are inappropriate for resolution on this motion." Nicholls v. Tufenkian Import/Export Ventures, Inc., 2004 WL 1399187, *3 (S.D. N.Y. 2004) (Exhibit __). For these reasons, PAI's affirmative defense argument must fail.

### E.    PAI's Motion To Strike Must Be Denied

PAI argues that the Court should strike Windy City's prayer for an award of attorney fees and statutory damages because the copyrights are not yet registered and any infringements pre-dates registration. PAI does not cite the standard for a motion to strike, probably, because striking a portion of a pleading is not favored, considered a drastic remedy and is often sought as a dilatory or harassing tactic.

> Motions to strike defenses are not favored, and are not ordinarily granted unless the language in the pleading at issue both has no possible relation to the controversy and is clearly prejudicial ... Before a motion to strike can be granted, the court must instead be convinced that there are no questions of

14

fact, that any questions of law are clear and not in dispute, and that under no
set of circumstances could the defense succeed.

Resolution Trust Corp. v. Gallagher, 1992 WL 370248, *2 (N.D. Ill. 1992).

Here, PAI's argument is based upon the false premise that any infringements would pre-date registration. However, a copyright's effective registration date is the date the application for registration was filed, not the date the registration issued. Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co., 2007 WL 4294744, *2 (N.D. Ill. 2007). Furthermore, issues of fact and law remain as to which works infringe Windy City's copyrights and whether those works could be deemed a continuation of any original infringement. Accordingly, PAI's motion to strike must be denied.

### F.　Windy City's Trade Dress Infringement Claim

Finally, the Amended Complaint contains sufficient allegations to support a claim of trade dress infringement.[8] "The term trade dress refers to the appearance of a product when that appearance is used to identify the producer." Incredible Technologies, Inc. v. Virtual Technologies, Inc., 400 F.3d 1007, 1015 (7th Cir. 2005). To prevail on a trade dress claim, Windy City must show "that its trade dress is nonfunctional, that it has acquired secondary meaning, and that a likelihood of confusion exists." Id. Here, Windy City has alleged that the look and design of its products are easily recognizable in the industry, that Windy City's trade dress has secondary meaning in the market and that confusion exists in the market place.[9] Am. Comp. at ¶ 12-14. Viewing these allegations in the

---

[8] "[C]aptions are not really a part of the pleading-and if the reader looks only at [plaintiff's] allegations (which must be accepted as gospel for purposes of a Rule 12(b)(6) motion to dismiss), there is no question that they state a claim upon which relief may be granted. And that suffices to require the rejection of [defendant's] motion to dismiss." Breeze Medical Equipment, Inc. v. Companion Health Services, Inc., 2007 WL 1772496, *1 (N.D. Ill. 2007).

[9] As acknowledged by PAI, exhibits attached to the Complaint are considered part of the Complaint under Fed. R. Civ. P. 10(c). See, MTD at 3. See also, International Marketing, Ltd. v. Archer-Daniels-Midland Company, Inc., 192 F.3d 724, 729 (7th Cir. 1999) ("Documents attached to the complaint are incorporated into it and become part of the pleading itself.").

light most favorable to Windy City, PAI has fair notice of the trade dress claim, the grounds on which it rest, entitling Windy City to relief.

### IV. CONCLUSION

For the reasons stated above, Windy City respectfully requests this Court to enter an order denying, in its entirety, PAI's Motion to Dismiss the First Amended Complaint.

Date: February 8, 2008 Respectfully submitted,

/s/ Christopher E. Haigh

Christopher E. Haigh
Indiana Bar No. 22038-49
IPAdvisors, Inc.
2038 N. Clark #105
Chicago, IL 60614
(312) 242-1685
(312) 277-9002 (facsimile)

/s/ Geoffrey A. Baker

Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

**Attorneys for Plaintiff**
**Windy City Marketing, Inc.**

**CERTIFICATE OF SERVICE**

  The undersigned certifies that on February 8, 2008 the PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS was filed via the Court's ECF system, which in turn served the following counsel for Defendant:

Siobhan M. Murphy (smurphy@lbbslaw.com)
Danny Lane Worker (dworker@lbbslaw.com)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street
Suite 300
Chicago, IL 60661

              /s/ Christopher E. Haigh

              Christopher E. Haigh
              Indiana Bar No. 22038-49
              IPAdvisors, Inc.
              2038 N. Clark #105
              Chicago, IL 60614
              (312) 242-1685
              (312) 277-9002 (facsimile)

              Geoffrey A. Baker
              Illinois Bar No. 6236658
              DOWELL BAKER, P.C.
              229 Randolph Street
              Oak Park, IL 60302
              (708) 660-1413
              (312) 873-4466 (facsimile)

              **Attorneys for Plaintiff**
              **Windy City Marketing, Inc.**