IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WINDY CITY MARKETING, INC., | Case No. 07 C 6401 |
| Plaintiff, | |
| v. | Judge Gottschall |
| PLACES ADVERTISING, INC., | Magistrate Judge Ashman |
| Defendant. | |

### DEFENDANT'S REPLY IN SUPPORT OF ITS
### MOTION TO DISMISS THE FIRST AMENDED COMPLAINT

Defendant, Places Advertising, Inc., by its attorneys, Danny L. Worker and Siobhán M. Murphy, submits its reply brief in support of its motion to dismiss Plaintiff's First Amended Complaint for want of subject matter jurisdiction, pursuant to Rule 12(b)(1) and in the alternative, to dismiss, pursuant to Rule 12(b)(6), for failure to state a claim upon which relief may be granted.

### JURISDICTIONAL ARGUMENT

Plaintiff argues that the Seventh Circuit precise statement of the law in *Gaiman* should be disregarded as dicta. It should not. The "significance of registration is that it is a prerequisite to a suit to enforce a copyright. ***More precisely***, an application to register must be filed, and either granted or refused, before suit can be brought." *Gaiman v. McFarlane*, 360 F.3d 644, 655 (7th Cir. 2004)(emphasis added). Plaintiff proposes that this Court disregard *Gaiman,* and read an earlier quote from *Chi. Bd. of Educ. v. Substance, Inc.*, 354 F.3d 624, 631 (7th Cir., 2003), as if it were contrary to *Gaiman* and also dispositive. However, *Substance, Inc.*, involved a case where the copyright sued on was registered, and thus the court had no need to provide the precision that was later added in *Gaiman.*

In *Gaiman,* the court deliberately and expressly provided a more precise statement of the law. That statement was a part of an opinion explaining the purpose and effect of registration of a copyright. *Gaiman,* 360 F.3d at 654-655. "[T]he holding of a case includes, besides the facts and the outcome, the reasoning essential to that outcome." *Tate v. Showboat Marina Casino Partnership,* 431 F.3d 580, 582 (7th Cir., 2005) (citing Henry J. Friendly, "In Praise of *Erie*-and of the New Federal Common Law," 39 *N.Y.U.L.Rev.* 383, 385-86 (1964) ("a court's stated and, on its view, necessary basis for deciding does not become dictum because a critic would have decided on another basis")). If all reasoning were treated as dicta, a judicial opinion would be reduced to a mere conclusion. *Wilder v. Apfel,* 153 F.3d 799, 804 (7th Cir., 1998). The precision of the Seventh Circuit's opinion in *Gaiman* requires that this Court follow it. While Plaintiff cites a trial court opinion that never even mentions *Gaiman, Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co.,* 2007 WL 4294744, *2-3 (N.D. Ill., 2007), *Gaiman* remains the most recent, and most precise Seventh Circuit opinion on point. It provides the rule of decision here.

Next, Windy City states, without offering support, that the requirement of registration will soon be moot. Plaintiff has never submitted the application or any description of which work(s) are subject to the alleged pending application. Under the case law cited by Defendant in its case and chief, and under the clear language of the act, Plaintiff erred in "initiating" suit prematurely. The assertion that suit will soon be ripe for initiation does not alter the plain language of the statute directing that it not be initiated until after the copyright office either grants or refuses the application.

## RULE 12(b)(6) ARGUMENT

Plaintiff argues that its complaint properly raises four theories, one of which, trade dress, was not clearly alleged, and so was not addressed in Defendant's main brief. Under *Twombly,* ___ U.S. ___, 127 S.Ct. 1955, 1964-65 (2007), the proper question before the Court on a 12(b)(6) motion is

whether Plaintiff has plead enough facts to suggest that the plaintiff has a right to relief. *Id.* at 1968-69. For the reasons stated below, the motion should be granted as to all of plaintiff's theories.

**1.    Defendant is Entitled to an Order Dismissing the Copyright Claims.**

Plaintiff's complaint and argument begin with Copyright. For the reasons discussed above, such claims are not properly before the Court. However, if the Court reaches this issue, then it is clear that the motion to dismiss should be granted. Plaintiff has alleged infringement of *many* book covers it prints in Illinois and in Las Vegas. When a complaint refers to and rests on a contract or other document that is not attached to the complaint, a court is within its rights to consider that document in ruling on a Rule 12(b)(6) motion to dismiss the complaint without converting the motion into one for summary judgment, so long as the authenticity of the document is unquestioned. *Tierney v. Vahle*, 304 F.3d 734, 738-39 (7th Cir. 2002). *See also Minch v. City of Chicago,* 486 F.3d 294, 300 n.3 (7th Cir., 2007).

Plaintiff here alleges that "years" of coupon books are at issue. Amended Complaint at ¶ 1. It says it sues on "a number of copyrights ... not limited to, the 'inside chicago' cover design attached as Exhibit A, and the 'Introduction Sheet' attached as Exhibit B". *Id.* at ¶ 8. Specifically, the allegedly infringed copyrighted material includes books distributed in *both* Chicago and Las Vegas, *Id.* at ¶ 9. Despite this, Plaintiff elected to attach only one of its book covers – a cover that was clearly cherry-picked from the Chicago books. Plaintiff then urges this Court to ignore the documents that it put at issue. This Court is not required to turn a blind eye to the actual documents referred to in the complaint. It may consider those documents without converting this motion to a motion for summary judgment. It may also order such a conversion. In either case, the undisputed book covers attached to the motion to dismiss establish that Plaintiff's allegedly copyrighted works here and in Las Vegas are not substantially similar to Defendant's allegedly infringing works.

Next, Plaintiff argues that the Court may not dismiss this claim on the merits and that the Court may not, itself, make the required "side by side and ocular comparisons" to determine whether substantial similarity exists. *Wildlife Express v. Carol Wright Sales, Inc.,* 18 F.3d 502, 507, n. 1 (7th Cir., 1994), *see also, Jacobsen v. Deseret Book Co.,* 287 F.3d 936, 941 (10th Cir., 2002) (ruling on motion to dismiss copyright infringement claim after considering literary documents referred to in and central to the complaint); *Boyle v. Stephens, Inc.,* 1998 WL 80175, at *4 (S.D.N.Y. Feb. 25, 1998)("A court may, therefore, dismiss a copyright infringement claim on a 12(b)(6) motion if it concludes no reasonable jury could find that the two works are substantially similar, or it concludes that the similarities between the two works pertain only to unprotected elements of the works."). The determination of whether the parties' works are "substantially similar" may be made by a court as a matter of law. *Warner Bros. Inc. v. American Broadcasting Companies, Inc.,* 720 F.2d 231, 240 (2d Cir., 1983); *Buckman v. Citicorp,* No. 95-0773, 1996 WL 34158, at *3 (S.D.N.Y. Jan 30, 1996), *aff'd* 101 F.3d 1393 (2d Cir., 1996).   Plaintiff's authority for its argument that this court should not review the evidence as to lack of substantial similarity is an un-published pre-*Twombly* decision that merely defers an analysis of substantial similarity to either summary judgment or trial. That decision does not disagree with the above authority that a copyright infringement claim may be dismissed on a 12(b)(6) motion where no reasonable jury could find two works to be substantially similar.

The fact that Plaintiff disputes whether its books are substantially similar to those of Defendant is not dispositive. If it were, then no case would ever be dismissed, and no summary judgment would ever be entered. That is not the case. Ultimately, the test is straightforward: The court should place the plaintiffs works reflected in Exhibits 1 and 3 next to the accused works in Exhibit 4, and look at them, disregarding the elements that are utilitarian (such as postage and

address box), and disregarding similarities that exist due to the use of different embodiments of *scenes a faire*.

Plaintiff argues only infringement of a single book by a single book. Plaintiff's own works change from example to example, with inconsistent color, logo and design choices, most of which are greatly removed from Defendant's work. Because Plaintiff alleges infringement of the Las Vegas books, those books should be examined. On that examination, it is clear that there is no substantial similarity. Dismissal of all such claims is therefore warranted. Turning to the Plaintiff Chicago books, the same result is necessary. Plaintiff concedes that Defendant is entitled to use different depictions of luxury goods and services than those used by Plaintiff. As Plaintiff submits, the devil may be in the details – but the details here do not help Plaintiff's case. A picture of a woman and man, in a blurred close-up is not confusingly similar to a picture of a crisply depicted man and woman at a restaurant in a group, where the party's blazers and shirts are clearly seen. No reasonable person would take one as a copy of the other. An artificially tinted view of a city taken from the air is not a crisp, full color view of a city taken from below. A picture of red meat on a white background is not a picture of a salad on a round white plate with a raised edge. No reasonable person would take one as a copy of the other. A view of a pool is not a view of a man lifting weights. A view of a part of a woman's face, seen from above, is not a view of a woman, lying on her front, with hands massaging her shoulders. No reasonable person would take one as a copy of the other. Silver is not bronze. Italic type is not sans serif block printing. No reasonable person would take one book cover as a copy of the other. In short, no reasonable jury could find that the accused works infringe plaintiff's works.

Exhibits B and F, the 'resumes' or presentation sheets that each party would give to potential customers, are similarly distinct. Plaintiff ignores the many differences in color and presentation,

and argues that it is entitled to a finding of infringement based on similar generic captions. It doesn't quote a single sentence the two resume-style sheets have in common. Because no reasonable jury could find that the Plaintiff's introduction sheet is substantially similar to that of Defendant, Defendant is entitled to an order dismissing the copyright claim regarding it.

### 2.　　**Defendant is Entitled to an Order Dismissing the Interference Claims.**

Plaintiff acknowledges that it has not alleged lost business, asserting only that its general and conclusory assertions of damage are enough. Contrary Seventh Circuit authority, *International Marketing, Ltd. v. Archer-Daniels-Midland Co.*, 192 F.3d 724, 731-32 (7th Cir., 1999), affirmed a 12(b)(6) dismissal of an interference claim where plaintiff "failed to allege a critical element, namely that the third parties, IML's customers, breached their contracts with it." *Id.* at 731. That essential element is wholly missing from the subject complaint. No argument that liberal pleading standards apply even post-*Twombly* negates controlling pre-*Twombly* precedent establishing that Plaintiff's complaint is inadequate and must be dismissed.

Next, Plaintiff asserts that the privilege of competition is an affirmative defense that cannot be raised in a motion to dismiss. Defendant would agree were it not for the fact that Plaintiff's own allegations are of a competitive offer by Defendant: "PAI offered similar or identical services" to those of Plaintiff. Amended Complaint at ¶ 22. Defendant allegedly approached Plaintiff's customers or prospective customers with "marketing materials". *Id.* The 'materials' are an introduction sheet attached to the complaint; it offers to sell ad space to customers. *Id.* at Exhibit F. Plaintiff itself has alleged competition. As the *International Marketing* court recognized, where the complaint establishes a defense, a dismissal is warranted. 192 F.3d at 731.

### 3. Plaintiff is Not Entitled to Statutory Damages or Attorneys Fees.

Next, Plaintiff argues that it might prove that the first infringement might have occurred after its alleged 11/6/2007 application for copyright. Plaintiff's analysis is that its registration (if granted) will be back-dated to 11/6/07. Plaintiff's Exhibit A is a coupon book dated "spring06summer". Plaintiff's Exhibit C is dated 9/13/07. Exhibit C is a letter from counsel for Plaintiff alleging copyright infringement by "your promotional brochures and products". By Plaintiff's allegations, its series of related cover designs dates back years. It was in existence by spring/summer 2006.

A plaintiff may not recover statutory damages under 17 U.S.C. § 504(c) or attorney's fees under 17 U.S.C. § 505 if: "any infringement of copyright commenced after the first publication of the work and before the effective date of its registration, **unless such registration is made within three months after the first publication of the work**." 17 U.S.C. § 412 (emphasis added). It is impossible that a November 2007 copyright application was within three months of first publication in spring or even late summer of 2006. Acts of infringement that occur after the copyright is registered do not constitute new acts of infringement. *Mason v. Montogmery Data, Inc.*, 967 F.2d 135, 143 (5th Cir.1992). They are deemed a continuation of any original infringement that began prior to the registration. *Id.* Accordingly, Plaintiff here is barred from recovering statutory damages and attorney's fees for any conduct that could be at issue in this matter. *Id.* Defendant's motion to strike should be granted.

### 4. Plaintiff's Trade Dress Claim Fails.

Plaintiff's brief characterizes its complaint as sounding in trade dress. In order to survive a motion to dismiss for failure to state a claim, trade dress plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S.Ct. at 1974. As the Supreme Court

observed, the Federal Rules require a "showing" that the plaintiff is entitled to relief, "rather than a blanket assertion" of entitlement to relief. *Id.* at 1965, n. 3. Though conclusory assertions may provide a defendant with "fair notice" of the nature of a plaintiff's claim, only factual allegations can clarify the "grounds" on which that claim rests. *Id*. "The pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action ." *Id.* at 1965. *Twombly* explicitly abrogated the well established holding in *Conley v. Gibson* that, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46; *Twombly*, 127 S.Ct. at 1968. Even before *Twombly*, a trade dress plaintiff was required to articulate "the specific elements which comprise its distinct dress," and "a precise expression of the character and scope of the claimed trade dress" *Landscape Forms, Inc. v. Columbia Cascade Co.*, 133 F.3d 373, 381 (2d Cir. 1997); *Thompson v. V.E.W. Ltd*, 2007 WL 1746739 (S.D.N.Y. 2007)(Exhibit 9). Plaintiff's complaint fails to meet this standard.

Plaintiff's conclusory allegations do not identify what colors, elements, or images comprise the asserted trade dress. Instead, Plaintiff cites conclusions that "Windy City's trade dress has secondary meaning" and that, despite notice defendant "has proceeded in publishing infringing materials and distributing the same." Amended Complaint at ¶¶ 12-14. Trade dress is a form of trade mark protection, based on the recognition that a "mark need not be the name of the brand; it need not even be a word; it can be a slogan, a symbol, a combination of words and symbols, an ornamental feature, a distinctive shape, or something else intended to remind the consumer of the brand." *Blau Plumbing, Inc. v. S.O.S. Fix-It, Inc.*, 781 F.2d 604, 609 (7th Cir., 1986). Plaintiff does not identify what its supposed trade dress is. Since its marketplace is made up of the businesses that place ads, Plaintiff's trade dress logically should be reflected in the presentation sheets that it and

Defendants give to customers to describe the product and to induce them to purchase ads (Exhibits B and F). Other than common use of standard letter sized paper and the English language, these documents do not share distinguishing characteristics of the sort that may constitute trade dress. They have no common slogans, no common trade names, no common symbols, colors, photographs, artwork, or ornamental features. Plaintiff's factual allegations therefore fail to raise a plausible trade dress claim, and dismissal is warranted

WHEREFORE, Defendant, Places Advertising Inc., prays this Court dismiss Plaintiff's Amended Complaint for the reasons stated above pursuant to Rule 12(b)(1), or in the alternative to dismiss pursuant to Rule 12(b)(6).

Respectfully submitted,
Places Advertising, Inc.

By: _____/s/ Siobhán M. Murphy_____
One of Its Attorneys

Danny L. Worker – ARDC No. 619554
Siobhán M. Murphy – ARDC No. 6207431
Lewis Brisbois Bisgaard & Smith LLP
550 West Adams Street, Suite 300
Chicago, IL 60661
312.345.1718/Fax: 312.345.1778



Slip Copy                                                                                           Page 1

Slip Copy, 2007 WL 1746739 (S.D.N.Y.)
**(Cite as: Slip Copy)**

C
Thompson v. V.E.W. Ltd, Coty, Inc.
S.D.N.Y.,2007.
Only the Westlaw citation is currently available.
United States District Court,S.D. New York.
Mary Buck THOMPSON, Plaintiff,
v.
V.E.W. LTD, COTY, INC. and Laird + Partners, LLC, Defendants.
**No. 06 Civ. 15336PAC.**

June 15, 2007.

*OPINION AND ORDER*

CROTTY, J.

*1 Plaintiff Mary Buck Thompson ("Thompson") brings this action against Defendants V.E.W. LTD ("VEW"), Coty Inc. ("Coty"), and Laird + Partners ("Laird") for copyright infringement under the Copyright Act, 17 U.S.C. §§ 501 et seq., violations of the Lanham Act, 15 U.S.C. § 1125(a), deceptive business practices under N.Y. Gen. Bus. Law § 349, false advertising under N.Y. Gen. Bus. Law § 350 and common law unfair competition and unjust enrichment. Thompson alleges that Defendants used the crowns she created in photographs which are part of a national advertising campaign for Vera Wang Princess perfume (the "Campaign") without compensation or consent, and misidentified her crowns as Vera Wang Fine Jewelry. Defendants move, pursuant to Fed.R.Civ.P. 12(b)(6), to **dismiss** Thompson's claims for statutory damages and attorney's fees under the Copyright Act, for **trade dress** infringement, and for unjust enrichment. The Court now denies the motion as to statutory damages and attorney's fees under the Copyright Act, grants the motion to **dismiss** as to **trade dress** infringement and unjust enrichment, and grants Thompson leave to replead the dismissed claims.

RELEVANT FACTS [FN1]

FN1. These facts are drawn from the allegations in the Plaintiff's Complaint and the attached exhibits. Sources will be cited only where quoted.

I. Thompson's Crowns

Since 1998, Thompson has created crowns by "weaving and molding gold and silver wire into forms that she adorns with jewels...." Complaint ¶ 16. Thompson believes that no other designer creates crowns with a similar appearance, and she asserts that the **trade dress** of her crowns has "become distinctive of [her] goods and works in commerce." *Id.* ¶ 18.

II. Defendants' Acquisition of Thompson's Crowns

VEW is a corporation authorized by fashion designer Vera Wang Becker to license her name in connection with various products. Coty, a major producer of perfumes, holds the license to produce Vera Wang Princess granted by VEW. Laird was retained by Coty to manage the Campaign, and in turn retained Lori Goldstein Ltd. ("LGL") as fashion stylist for the photography session which produced the photographs used in the Campaign (the "Photo Shoot").

In January 2006, LGL contacted Thompson and asked to rent her crowns "for a photography session in connection with a potential advertising campaign." *Id.* ¶ 23. Thompson informed LGL that she would provide the crowns on a "rental fee basis." *Id.* ¶ 24. Thompson subsequently shipped 32 crowns to LGL in February 2006, and, after the Photo Shoot was rescheduled and the crowns

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT 9

Slip Copy                                                                                                          Page 2
Slip Copy, 2007 WL 1746739 (S.D.N.Y.)
**(Cite as: Slip Copy)**

returned to her, shipped 34 crowns to LGL in late March 2006. Defendant VEW reimbursed Thompson for the cost of insuring the crowns during the second shipment, but Thompson received no other compensation from LGL or the Defendants.

III. Defendants' Use of Thompson's Crowns

Thompson believes that the Princess ad campaign, using pictures including her crowns, began on August 10, 2006. Thompson discovered a picture of model Camilla Belle wearing one of her crowns in a fashion magazine in September 2006, and later found that the campaign's website, www.verawangprincess.com, contained pictures including three more crowns, and a video featuring " more of her crown jewelry." *Id.* ¶ 35.One or more of the campaign's advertisements using Thompson's crowns bore a credit line that read "Featuring ... Vera Wang Fine Jewelry." *Id.* ¶ 37.

*2 On October 3, 2006, Thompson applied to register "all the jewelry used in" the Princess ad campaign with the United States Copyright Office. *Id.* ¶ 41.Her application covered five crowns as individual works, and 42 crowns as a collection of works including the five also registered individually. On October 9, counsel for Thompson wrote a letter to Defendants Coty and VEW, informing them that the crowns were copyrighted and their use in the Princess ad campaign was unauthorized. Notwithstanding this notification, Defendants "continued utilizing [Thompson's] works ...." *Id.* ¶ 43.

DISCUSSION

I. Rule 12(b)(6) Standard

The district court may **dismiss** a claim under Federal Rule of Civil Procedure 12(b)(6) only if the plaintiff's factual allegations are not sufficient "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. **Twombly**,* 127 S.Ct. 1955, 1609 (2007). The court accepts as true all factual allegations in the complaint, and views them in the light most favorable to the plaintiff. *SeeDe Jesus v. Sears, Roebuck & Co.,* 87 F.3d 65, 70 (2d Cir.1996) . While detailed factual allegations are not required, however, a plaintiff must provide the grounds of her entitlement to relief beyond mere labels and conclusions; a formulaic recitation of the elements of a cause of action is insufficient. *SeeBell Atlantic Corp.,* 127 S.Ct. at 1964-65. In ruling on a motion under Rule 12(b)(6), the Court may consider only the allegations made in the complaint and any facts of which judicial notice may be taken. *SeeBrass v. Amer. Film Techn., Inc.,* 987 F.2d 142, 150 (2d Cir.1993). The complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference."*Cortec Indus., Inc. v. Sum Holding L.P.,* 949 F.2d 42, 47 (2d Cir.1991), *cert.denied,*503 U.S. 960 (1992).

II. STATUTORY Damages and Attorney's Fees under the Copyright Act

The prevailing party in a copyright infringement action is generally entitled to either her actual damages plus any additional profits of the infringer or statutory damages. 17 U.S.C. § 504(a). In addition, the court has discretion to award the prevailing party a reasonable attorney's fee. 17 U.S.C. § 505. The prevailing party is ineligible to receive either statutory damages or attorney's fees, however, if the infringement commences before the effective date of copyright registration, and the work is either (1) unpublished at the time of infringement; or (2) published more than three months before the effective registration date. *See*17 U.S.C. § 412. This rule applies even if the infringement commenced before the effective registration date continues after that date. *See Innovative Networks, Inc. v. Young,* 978 F.Supp. 167, 175 (S.D.N.Y.1997); *Singh v. Famous Overseas, Inc.,* 680 F.Supp. 533, 535-36 (E.D.N.Y.1988). Defendants' contend that Thompson's claim for statutory damages and

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy  Page 3
Slip Copy, 2007 WL 1746739 (S.D.N.Y.)
**(Cite as: Slip Copy)**

attorney's fees is necessarily barred by Section 412. The Court disagrees.

**\*3** The Complaint alleges that Thompson provided Defendants with more than 30 crowns for use in the Photo Shoot. It further alleges that, prior to October 3, 2006, the effective copyright registration date,[FN2] Defendants used four of Thompson's crowns in print advertisements and photographs on the Princess website, and used an unspecified number of additional crowns in the video on the Princess website. The Complaint does not make any allegation, direct or implied, that Defendants made infringing use, prior to October 3, 2006, of *all* the crowns provided for the Photo Shoot. The Complaint also indicates that Defendants "continued utilizing [Thompson's] works" after October 3, 2006, but it does not specify or limit the number of crowns that Defendants used in the Campaign after that date.

> FN2. The effective registration date is the date on which a successful application was received in the Copyright Office. 17 U.S.C. § 410(d).

The facts alleged in the Complaint are, in short, entirely consistent with Defendants using some of Thompson's crowns only after October 3, 2006. Such use adequately supports Thompson's claims for statutory damages and attorney's fees under the Copyright Act, and therefore dismissal of those claims is inappropriate even if Defendants' legal analysis is correct in all other respects. Accordingly, Defendants motion is denied as to statutory damages and attorney's fees under the Copyright Act.

### III. Trade Dress

To state a claim for **trade dress** infringement, a plaintiff must articulate "the specific elements which comprise its distinct dress," and "a precise expression of the character and scope of the claimed **trade dress**."*Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir.1997). The Complaint states only that the crowns are made of gold and silver wire woven and molded into "forms" that are "adorn[ed] with jewels." Complaint ¶ 16. That statement is not an adequate articulation of a distinctive **trade dress**, as even Thompson implicitly recognizes by providing a more expansive definition of her **trade dress** in her opposition to this motion. Even assuming Thompson's new definition is adequate, which the Court does not decide at this time, a statement in Thompson's brief cannot remedy defects in her pleadings. Thompson's claim for **trade dress** infringement must be dismissed.

### IV. Unjust Enrichment

Thompson's claim for unjust enrichment alleges that she was "denied any financial compensation or credit in connection with her loan" of her crowns, that Defendants were enriched by their use of the crowns "in connection with the Vera Wang Princess Campaign," and that equity requires restitution. Complaint ¶ 84-85. Defendants do not dispute that the allegations are sufficient to state a claim for unjust enrichment, but argue that the claim is preempted by Section 301 of the Copyright Act. Defendants' argument is persuasive.

There are two requirements for preemption of a state claim under Section 301. The first, that the work on which the state law claim is based be within the "subject matter of copyright," 17 U.S.C. 301(a), is obviously met in this case. The second requirement is that the state law create "legal or equitable rights that are equivalent to any of the exclusive rights" conveyed by federal copyright law. *Id.* Due to the equivalency requirement, Section 301"preempts only those state law rights that 'may be abridged by an act which, in and of itself, would infringe one of the exclusive rights' provided by federal copyright law."*Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 982 F.2d 693, 716 (2d Cir.1992) (quoting *Harper & Row, Publishers, Inc. v. Nation Enters.*, 723 F .2d 195, 200 (2d Cir.1983), *rev'd on other grounds,*471 U.S. 539 (1985))."Courts have frequently preempted ... unjust enrichment claims that derive from the

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                           Page 4
Slip Copy, 2007 WL 1746739 (S.D.N.Y.)
**(Cite as: Slip Copy)**

reproduction, use, or misappropriation of material covered by copyright protection."*American Movie Classics Co. v. Turner Entertainment Co.,* 922 F.Supp. 926, 934 (S.D.N.Y.1996) (collecting cases).

*4 Thompson's unjust enrichment claim is based on the unauthorized use of images of her crowns in the Campaign. Such use clearly infringes, in and of itself, exclusive rights provided by federal copyright law, and a claim based on it is therefore preempted. To avoid this conclusion, Thompson argues that both Defendants' alleged misrepresentations that the crowns were a product of Vera Wang Fine Jewelry and LGL's acceptance of Thompson's crowns for the Photo Shoot without producing her anticipated compensation are sufficient to support an unjust enrichment claim without infringing rights conveyed by the copyright law. There is no allegation, however, that Defendants were enriched by either the alleged misrepresentations or the mere fact of Thompson's loan of the crowns, as opposed to their use of *images* of her crowns in their advertising campaign. Without an allegation that Defendants were enriched by the conduct at issue, the Complaint does not state a claim for unjust enrichment. *See Golden Pacific Bancorp v. F.D.I.C.,* 273 F.3d 509, 519 (2d Cir.2001). Thompson's claim for unjust enrichment must therefore be dismissed.

CONCLUSION

Defendants' motion to **dismiss** is GRANTED in part and DENIED in part. Plaintiff's **trade dress** infringement and unjust enrichment claims are dismissed without prejudice, and with leave to replead. The Clerk of the Court is directed to close out this motion.
    SO ORDERED

S.D.N.Y.,2007.
Thompson v. V.E.W. Ltd, Coty, Inc.
Slip Copy, 2007 WL 1746739 (S.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.