IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WINDY CITY MARKETING, INC. | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: 1:07-cv-06401 |
| | ) | |
| vs. | ) | JURY TRIAL REQUESTED |
| | ) | |
| PLACES ADVERTISING, INC. | ) | Judge Gottschall |
| | ) | |
| Defendant. | ) | |

### REPLY BRIEF IN SUPPORT OF MOTION TO AMEND COMPLAINT

Defendant, Places Advertising, Inc. ("PAI"), has now moved this Court to both dismiss the complaint and to deny Plaintiff's Motion to Amend the Complaint. PAI's arguments have ranged from asserting that Windy City Marketing, Inc. ("Windy City") cannot protect its copyrightable material (see, for example, PAI's Brief in Support of Motion to Dismiss, pp. 9-10),[1] to asserting that this Court should depart from controlling Seventh Circuit case law and create judicial inefficiency by denying Windy City's right to amend its complaint. For the reasons noted herein, this Court should grant Windy City's Motion to Amend its Complaint.

**I. Jurisdiction Is Proper When Registration Has Been Filed**

PAI once again ignores (and even denies the existence of) Seventh Circuit law when it requests that Windy City be denied its right to amend its Complaint. PAI goes so far as to state "Defendant is not aware of any Seventh Circuit decision holding that federal question jurisdiction over a copyright suit may be created by late acquisition of the certificates." (PAI's Brief in Opposition to Motion to Amend Complaint, p. 2.).

---

[1] Notably, the United States Copyright Office disagreed with PAI.

As Windy City has already established, the circuits are split on whether a complaint can be brought prior to registration in the copyright office. However, the Northern District of Illinois, as well as the Fifth, Seventh, and Eighth Circuits and dozens of other districts have held that applying for copyright registration is sufficient to establish subject matter jurisdiction. Indeed, merely depositing the copyright application in the Copyright Office is sufficient for filing an action in federal court.

In <u>Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co.</u>, the Northern District of Illinois held that the filing of a copyright registration prior to initiating the a copyright infringement suit is sufficient for jurisdiction under Rule 12(b)(1):

> As defendant acknowledges, that the circuits are split on this very issue. The Tenth Circuit requires approval of the copyright application before the filing of an infringement claim. The Fifth and Eighth Circuits, however, hold that a plaintiff need only send the application, deposit, and fee to the Copyright Office to file an infringement claim. The Seventh Circuit has stated previously that "an application for registration must be filed before the copyright can be sued upon." Judge Posner bases this statement on the fact that once the Copyright Office approves an application, it retroactively lists as the effective date of the registration the date on which it received all application materials from the applicant. <u>Chicago Bd. of Education v. Substance, Inc.</u> differs somewhat from the instant case, though, because in the case before Judge Posner the Copyright Office had issued a registration certificate. In the instant case, plaintiff has been waiting since May 2007 for some action by the Copyright Office. In the meantime, plaintiff has allegedly suffered financial damage as a result of defendant's copying of its images, as discussed below. Additionally, the statute allows a party to sue for infringement not only after approval of a copyright registration application, but also after a refusal of that registration application. It hardly seems fair, then, to refuse plaintiff the opportunity to sue for infringement until the Copyright Office takes some action when plaintiff will be able to sue after that determination, regardless of the outcome. For that reason, this court adopts the reasoning of the Fifth and Eighth Circuits and finds that plaintiff's **registration is effective for purposes of initiating an infringement suit as of the day plaintiff filed its application with the Copyright Office**.

<u>Goss Intern. Americas, Inc. v. A-American Mach. & Assembly Co.</u>, 2007 WL 4294744, *2-3 (N.D. Ill. 2007) (internal citations omitted) (emphasis added).

Notably, in Goss, the plaintiff *had still not received its registrations*. Nonetheless, the Court found that it had jurisdiction. In the present action, just as in the Chicago Board of Education case, Windy City has received its registration certificates. This registered-subsequent-to-filing status is precisely the fact scenario that the Seventh Circuit dealt with and has already ruled upon. For this reason alone, the Court should grant Windy City leave to amend its complaint (and further deny the Motion to Dismiss).

In a nearly identical case, the District Court for the District of Columbia recently explored the justification for such a finding.

> This Court joins Judge Kennedy, the leading copyright treatise, and those courts that have held that an infringement suit may be brought when a copyright application is completed and submitted to the United States Copyright Office. The more common practice is for courts to allow suit to go forward as soon as the application has been completed and submitted to the Copyright Office, along with the deposit of the work in question and the fee. See 2 NIMMER ON COPYRIGHT § 7.16[B][1][a][i] (1999). According to Professor Nimmer, this approach "represents the better point of view, given that the claimant at that juncture has done all that it can do, and will ultimately be allowed to proceed regardless of how the Copyright Office treats the application." Id. This Court also believes that this approach is the correct one and is in harmony with the language of the Copyright Act.
>
> [7]Section 411(a) of the Act reads, in relevant part:
> In any case, however, where the deposit, application, and fee required for registration have been delivered to the Copyright Office in proper form and registration has been refused, the applicant is entitled to institute an action for infringement if notice thereof, with a copy of the complaint, is served on the Register of Copyrights.
> 17 U.S.C. § 411(a) (emphasis added). Because the language of this provision allows a party to file an infringement suit regardless of whether the Copyright Office actually registers the copyright upon examination of the party's application, "it makes sense under the 1976 Act to refer to application for registration as a condition to filing an infringement action." 2 NIMMER ON COPYRIGHT § 7.16[B][1][a][i] (1999) (emphasis in original); see also Foraste v. Brown Univ., 248 F.Supp.2d at 77 n. 10.
>
> Two other provisions of the Copyright Act lend support to the application approach and the notion that "registration" in the Act means submission or receipt of a completed application, as opposed to actual registration by the Register of the Copyright Office. First, 17 U.S.C. § 408(a) states that a claimant "may obtain registration of the copyright claim by delivering to the Copyright Office the deposit ... together with the application and fee." 17 U.S.C. § 408(a); see also *Iconbazaar, L.L.C. v. America Online, Inc.*, 308 F.Supp.2d at 634 (agreeing with this view). Second, 17 U.S.C. § 410(d) provides that the "effective date of a copyright registration is the

3

> day on which an application, deposit, and fee, which are later determined ... to be acceptable for registration, have all been received." 17 U.S.C. § 410(d); see also *Iconbazaar, L.L.C. v. America Online, Inc.*, 308 F.Supp.2d at 634 (finding that Section 410(d) can be read to support the notion that a copyright is "registered" within the meaning of the Act when a completed application is received); but see *Strategy Source, Inc. v. Lee*, 233 F.Supp.2d at 4 (interpreting Section 410(d) as stating that after a copyright is officially registered, the "remedies in a successful lawsuit will relate back to the date when the application was filed"). As noted, supra at 9-10, the application approach also is in harmony with the purpose of Section 411(a) and the overall statutory scheme.
>
> The Court concludes that Mr. Prunté has satisfied the first element of his infringement claims by showing that his complete copyright application was submitted and received by the United States Copyright Office. See Am. Compl., Ex. T. The Court therefore finds that it has subject matter jurisdiction over Mr. Prunté's infringement claims.

*Prunte v. Universal Music Group*, 484 F.Supp.2nd 32, 39-41 (Dist. Col. 2007).

Once again, Prunte had not yet even received his certificates of registration. All Prunte filed with his complaint was proof that its copyright applications had been submitted. Nonetheless, the Court found that subject matter jurisdiction existed and remedies in the action would relate back to the date on which the application was filed.

Just as in *Prunte*, this Court should find that Windy City has an effective date of registration that predates the initiation of this action. Additionally, Windy City has now received its certificates of registration, which further substantiate Windy City's rights in this matter. Accordingly, Windy City's Motion to Amend Complaint should be granted, and PAI's Motion to Dismiss should be denied.

### II.    CONCLUSION

For the reasons stated above, Windy City respectfully requests this Court to enter an order denying, in its entirety, PAI's Motion to Dismiss the First Amended Complaint, and a second order granting leave for Windy City to amend its complaint.

Date:   May 15, 2008                                        Respectfully submitted,

4

/s/ Christopher E. Haigh

Christopher E. Haigh
Indiana Bar No. 22038-49
IPAdvisors, Inc.
2038 N. Clark #105
Chicago, IL 60614
(312) 242-1685
(312) 277-9002 (facsimile)

/s/ Geoffrey A. Baker

Geoffrey A. Baker
Illinois Bar No. 6236658
DOWELL BAKER, P.C.
229 Randolph Street
Oak Park, IL 60302
(708) 660-1413
(312) 873-4466 (facsimile)

**Attorneys for Plaintiff
Windy City Marketing, Inc.**

## CERTIFICATE OF SERVICE

      The undersigned certifies that on May 15, 2008, the PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT was filed via the Court's ECF system, which in turn served the following counsel for Defendant:

Siobhan M. Murphy (smurphy@lbbslaw.com)
Danny Lane Worker (dworker@lbbslaw.com)
Lewis Brisbois Bisgaard & Smith, LLP
550 West Adams Street
Suite 300
Chicago, IL 60661

                                              /s/ Christopher E. Haigh

                                              Christopher E. Haigh
                                              Indiana Bar No. 22038-49
                                              IPAdvisors, Inc.
                                              2038 N. Clark #105
                                              Chicago, IL 60614
                                              (312) 242-1685
                                              (312) 277-9002 (facsimile)

                                              Geoffrey A. Baker
                                              Illinois Bar No. 6236658
                                              DOWELL BAKER, P.C.
                                              229 Randolph Street
                                              Oak Park, IL 60302
                                              (708) 660-1413
                                              (312) 873-4466 (facsimile)

                                              **Attorneys for Plaintiff**
                                              **Windy City Marketing, Inc.**